J-S04019-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| TERRENCE JOHNSON, | |
| Appellant | No. 122 WDA 2015 |

Appeal from the PCRA Order of January 2, 2015
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0011193-2007

BEFORE:  BOWES, OLSON AND STRASSBURGER,* JJ.

MEMORANDUM BY OLSON, J.:                    **FILED FEBRUARY 09, 2016**

Appellant, Terrence Johnson, appeals from the order entered on January 2, 2015, dismissing his petition filed under the Post-Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The able and distinguished PCRA court previously explained the underlying facts of this case:

> On May 10, 2007, [I.W.] accused [Appellant] of raping her. In the days that followed [I.W.'s] rape allegation, tensions had increased between [Appellant's and I.W.'s] relatives and friends.  Lamar George[] (hereinafter referred to as "George"), [] was a friend of [I.W.'s] mother[. George] got into a fight with [Appellant] over [the rape] allegations and the animosity between [Appellant] and George continued.
>
> At approximately 2:40 a.m. on May 16, 2007, [Appellant] was looking for George to once again confront him about th[e] rape allegation.  [Appellant] went to George's residence with two of his friends. [Appellant] called George outside to meet him; however, when George saw that [Appellant] and his friends were armed with weapons, he

*Retired Senior Judge assigned to the Superior Court.

refused to come out. In an effort to get George out of his residence, [Appellant] went to the residence of James Windsor[] (hereinafter referred to as ["the Victim"]), who was a close friend of [I.W.] and George. [Appellant] persuaded [the Victim] to leave his residence and go to George's residence and ask him to come out of that residence[,] assuring George that it was safe for him to do so. When George refused [to leave his residence], [Appellant] shot [the Victim] in the back of his head, killing him instantly.

Trial Court Opinion, 10/13/10, at 2-3.

On December 22, 2008, a jury found Appellant guilty of first degree murder and carrying a firearm without a license.[1, 2] On June 11, 2009, the trial court sentenced Appellant to serve an aggregate term of life imprisonment, followed by three-and-a-half to seven years in prison, for his convictions.

This Court affirmed Appellant's judgment of sentence on February 29, 2012 and, on August 15, 2012, the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal. *Commonwealth v. Johnson*, 46 A.3d 831 (Pa. Super. 2012) (unpublished memorandum) at 1-6, *affirmed by* 50 A.3d 125 (Pa. 2012).

On June 17, 2013, Appellant filed a timely, *pro se* PCRA petition. Counsel was appointed and, in the amended PCRA petition, Appellant claimed that his trial counsel was ineffective for failing to: 1) "cross

_____

[1] 18 Pa.C.S.A. §§ 2502(a) and 6106(a)(1), respectively.

[2] The trial court also found Appellant guilty of persons not to possess firearms. N.T. Trial, 12/22/08, at 471; 18 Pa.C.S.A. § 6105(c)(1).

examine or impeach two witnesses in this matter, William McClain and Charles Clayton George[,] regarding *crimen falsi* convictions" and 2) "move for a mistrial after the outburst in open court by Richard Windsor." Amended PCRA Petition, 5/21/14, at ¶¶ 34-53. Following a hearing, the PCRA court denied Appellant relief. PCRA Court Order, 1/2/15, at 1.

Appellant filed a timely notice of appeal; Appellant raises two claims to this Court:

> [1.] Did the PCRA[] Court err or abuse its discretion in failing to grant Appellant a new trial based on a properly pled, preserved and supported [ineffective assistance of counsel ("IAC")] claim involving trial counsel's failure to cross examine or impeach two witnesses in this matter, William McClain and Charles Clayton George, regarding *crimen falsi* convictions?
>
> [2.] Did the PCRA[] Court err or abuse its discretion in failing to grant Appellant a new trial based on a properly pled, preserved and supported IAC claim involving trial counsel's failure to move for a mistrial, ask for a curative instruction, or ask that the jurors be questioned regarding an outburst/misconduct in open court by Richard Windsor, a relative of the [Victim], said outburst/misconduct being grossly inappropriate, going unaddressed to the jury and their ability to remain partial, thereby prejudicing Appellant?

Appellant's Brief at 5.

As we have stated:

> [t]his Court's standard of review regarding an order dismissing a petition under the PCRA is whether the determination of the PCRA court is supported by evidence of record and is free of legal error. In evaluating a PCRA court's decision, our scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at

the trial level. We may affirm a PCRA court's decision on any grounds if it is supported by the record.

***Commonwealth v. Rivera***, 10 A.3d 1276, 1279 (Pa. Super. 2010) (internal citations omitted).

To be eligible for relief under the PCRA, the petitioner must plead and prove by a preponderance of the evidence that his conviction or sentence resulted from "one or more" of the seven, specifically enumerated circumstances listed in 42 Pa.C.S.A. § 9543(a)(2). One of these statutorily enumerated circumstances is the "[i]neffectiveness of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.A. § 9543(a)(2)(ii).

Counsel is, however, presumed to be effective and "the burden of demonstrating ineffectiveness rests on [A]ppellant." ***Commonwealth v. Rivera***, 10 A.3d 1276, 1279 (Pa. Super. 2010). To satisfy this burden, Appellant must plead and prove by a preponderance of the evidence that:

> (1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and, (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the challenged proceedings would have been different.

***Commonwealth v. Fulton***, 830 A.2d 567, 572 (Pa. 2003). "A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim." ***Id.***

We reviewed the briefs of the parties, the relevant law, the certified record, the notes of testimony, and the opinion of the able PCRA court judge, the Honorable David R. Cashman.  We conclude that there has been no error in this case and that Judge Cashman's opinion, entered on January 27, 2015, meticulously and accurately disposes of Appellant's issues on appeal.  Therefore, we affirm on the basis of Judge Cashman's opinion and adopt it as our own.  In any future filings with this or any other court addressing this ruling, the filing party shall attach a copy of the PCRA court opinion.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  2/9/2016